UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JANICE R. SHANNON and
TIMOTHY J. RIORDAN,
        Plaintiffs,

v.                                              Case No. 19-CV-106

SCHOOL DISTRICT OF MILWAUKEE PUBLIC SCHOOLS,
        Defendant.

## DECISION AND ORDER GRANTING
## DEFENDANT'S MOTION TO DISMISS

**1. Background**

Janice R. Shannon and Timothy J. Riordan, wife and husband, filed this action on January 18, 2019, alleging claims against "School District of Milwaukee Public Schools" (which the court will refer to as MPS). MPS has moved to dismiss the complaint. The plaintiffs are proceeding pro se, although Riordan identifies himself as a "prior attorney." (ECF No. 1 at 21; *see also* ECF No. 2, ¶ 1. a.; ECF No. 1, ¶ 2.L.(17).)

According to the complaint, the allegations in which the court accepts as true at this stage of the proceedings, Shannon was an elementary school substitute teacher with

MPS and was twice assaulted by a female student, A.B.[1] (ECF No. 1, ¶ 2.H.) On November 17, 2016,[2] A.B. again assaulted Shannon, pushing her and causing her to fall. (ECF No. 1, ¶ 2.J.) Shannon developed pain and other symptoms that she attributes to the assault. (ECF No. 1, ¶ 2.K.)

The plaintiffs' complaint is an expansive criticism of an alleged lack of discipline in MPS, generally, and as to A.B., specifically. They ask the court to impose on MPS various procedures they believe are necessary for effective student discipline. Shannon attributes her injuries to MPS because MPS did not effectively discipline A.B. for her prior conduct. Shannon is also dissatisfied that A.B. received only six-months of probation in the delinquency proceedings that resulted from the assault. She attributes this "'less than a slap on the wrist' for permanently crippling Janice Shannon and leaving her for the rest of her life with constant chronic high-level pain" (ECF No. 1, ¶ 2.I.(2)) to MPS because the video surveillance did not record the assault and administrators allegedly deleted A.B.'s disciplinary records.

On October 16, 2018, Shannon filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging that MPS subjected her to harassment and different conditions of employment because of her sex and age. (ECF No. 10-1.) The EEOC

---

[1] The plaintiffs have moved to refer to the student under a pseudonym of their own choice. (ECF No. 2.) The motion will be denied. A minor is to be identified in court filings by his or her initials. *See* Fed. R. Civ. P. 5.2(a)(3).

[2] The correct date appears to be November 17, 2016 (ECF No. 1, ¶ 3. A; *see also* ECF No. 1 at 21; ¶ 4.B.) but the plaintiffs also use the date November 17, 2017 (ECF No. 1, ¶ 2.J).

on October 22, 2018, dismissed her complaint, finding that it was not timely filed. (ECF No. 1-1.) MPS presented Shannon's EEOC complaint as part of its motion to dismiss, which the court can consider without converting the motion to dismiss to one for summary judgment because it is a record of a prior administrative proceeding and is referred to in the complaint. *Goodwin v. Teamsters Gen. Local Union No 200*, No. 17-CV-1377, 2018 U.S. Dist. LEXIS 35903, at *6 (E.D. Wis. Mar. 6, 2018) (citing *Woltring v. Specialized Loan Servicing, LLC*, No. 14-CV-222, 2014 U.S. Dist. LEXIS 81433, at *4 (E.D. Wis. June 16, 2014); *188 LLC v. Trinity Indus. Inc.*, 300 F.3d 730, 735 (7th Cir. 2002)). Shannon filed her complaint in this court on January 18, 2019.

**2. Motion to Dismiss Standard**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. The court accepts "all well-pleaded facts as true and constru[es] all inferences in favor of the plaintiffs." *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 274 (7th Cir. 2014).

3. **Analysis**

There are a myriad of problems with the plaintiffs' complaint, including a general lack of clarity and an apparent misunderstanding of the scope and breadth of federal anti-discrimination laws, as well as the role and authority of the EEOC. The gravamen of her complaint is that MPS does not do enough to discipline its students and protect its teachers from those students. That does not suggest any plausible federal cause of action.

Because this case was preceded by a claim to the EEOC, the court presumes that Shannon intends to allege some type of employment discrimination. The EEOC complaint alleges discrimination based on sex and age. (ECF No. 10-1.) Therefore, it is most likely that Shannon intends to allege age and sex discrimination in this action.

However, the court must liberally construe the pleadings of pro se litigants. Therefore, the court reads the plaintiffs' filings broadly with an eye toward discerning other possible or intended claims. In this regard, the court notes that Shannon identifies herself as female, over 40-years-old, and disabled, all of which are statuses protected by various federal employment laws. However, she does not identify how she allegedly suffered any adverse employment action on account of any such status. In fact, she does not identify any adverse employment action she allegedly suffered. Rather than addressing these substantive defects in her complaint, MPS has moved to dismiss on the narrow grounds that any discrimination claim is untimely.

4

Shannon also refers to "due process," and thus the court considers whether she might have any plausible claim under the Fourteenth Amendment and 42 U.S.C. § 1983.

**3.1. Timeliness**

"Before challenging an unlawful employment practice under Title VII, an employee must first file a timely EEOC charge. Such a charge must be filed within 300 days after the alleged unlawful employment practice occurred or else the employee may not challenge the practice in court." *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832, 836 (7th Cir. 2008). The same rule applies to claims under other federal employment discrimination laws, including the Age Discrimination in Employment Act and the Americans with Disabilities Act. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004).

By submitting various documents with their response to MPS's motion to dismiss (ECF No. 14), the plaintiffs attempt to improperly constructively amend their complaint. *See* Civ. L.R. 15(a) (E.D. Wis.). Setting aside this procedural error, these additional documents do nothing to cure the defect MPS addresses in its motion—the fact that the complaint was filed too late. In fact, the additional documents reinforce the conclusion that the complaint was filed too late.

The plaintiffs suggest that their complaint was timely because of "ongoing harassment." (ECF No. 13 at 1.) It is difficult to discern precisely what it is the plaintiffs are alleging with respect to "ongoing harassment" or even what conduct they allege to

5

constitute "harassment." But it is immaterial because the plaintiffs' allegations fail at the most basic level. What the plaintiffs refer to as "ongoing harassment" is more accurately described as a continuing violation, *see Young v. Will Cty. Dep't of Pub. Aid*, 882 F.2d 290, 292 (7th Cir. 1989) (citing *United Air Lines v. Evans*, 431 U.S. 553, 558 (1977)), or a "cumulative violation," *Bass v. Joliet Pub. Sch. Dist. No. 86*, 746 F.3d 835, 839 (7th Cir. 2014). "In order to fall within this doctrine, there must be a present violation, not simply the effects of a past violation." *Young*, 882 F.2d at 292 (citing *Caldwell v. Nat. Ass'n of Home Builders*, 771 F.2d 1051, 1055 (7th Cir. 1985)). "To succeed under the continuing violation theory, plaintiff must demonstrate that the acts of alleged discrimination are part of an ongoing pattern of discrimination and that at least one of the alleged discrete acts of discrimination occurred within the relevant limitations period." *Id*.

It appears the plaintiffs are under the mistaken impression that they need allege only that the wrongs they complain about occurred over a period of time. With the apparent misunderstanding that it will render her claim timely, the plaintiffs state repeatedly and clearly that Shannon recognized her claim no later than October 13, 2017. (ECF Nos. 1 at 20 ("It was on the date of October 13, 2017, in the victory for [A.B.] in the Vel R. Phillips Youth and Family Justice Center, that plaintiffs fully understood that MPS was interested in escaping their own liability and had harmed Janice Shannon's EEOC rights.")); 1 at 22-23 ("[I]t was not until the failed prosecution attempt of [A.B] in the juvenile delinquency court, Vel R. Phillips Youth and Family Justice Center, that Janice

6

Shannon and her husband, on the date of October 13, 2017, realized that [A.B.] was protected from effective prosecution solely because of MPS's deceptions …."); 1 at 23-24 ("It was on the date of October 13, 2017, in the victory for [A.B.] in the Vel R. Phillips Youth and Family Justice Center, that plaintiffs fully understood that MPS was solely interested in escaping their own liability for failing to undertake protecting an almost 65-year-old elderly woman with double knee replacement surgery (which have now totally failed after the assault)."); 1 at 25 ("The final harm to Janice Shannon occurred on October 13, 2017 in the Vel R. Phillips Youth and Family Justice Center …."); 14 at 5-6 ("I'm asking the date of October 13, 2017 be considered the effective date when EEOC filing could be made plus 180 days after this for filing. On October 13th, 2017 I realized my due process rights were taken away and could not be reclaimed except by going to EEOC. … This could not have been known by me fully until October 13, 2017. Then I realized the basis of my harassment claim and the need for outside regulation with detailed facts of each claim as noted below."); 14 at 6 ("… I did not realize the real impact of what MPS had done to me until October 13, 2017 …") 14 at 6 ("… it was on October 13, 2017 that I fully realized that nothing I had done to correct the violence that had permanently harmed me could be remedied.") 14 at 8 ("It was on October 13th, 2017, that I realized I was defeated and denied all solutions by MPS after the DA settled the case over my objection.") 14 at 8 ("The impact of what MPS had done to me became insurmountable on October 13th, 2017."); 14 at 9 ("Only on [October 13, 2017] did all of MPS's wrongful acts came into full

7

focus as a hidden-and-covered up denial of equal rights and evidence resulting in a tragic 'harassment' undermining all elderly, female, and disabled MPS employees."); 14 at 9 ("October 13th, 2017 Is the effective date I realized EEOC was essential as a legal remedy to stop MPS's harassments so 180 days or more after this is appropriate as deadline for filing."); 14 at 10 ("Their harassment became a reality for me October 13th, 2017 when I felt broken by MPS lies."); 14 at 11 ("Factually, in my case, I did not understand the implications of MPS administrative actions and failures until October 13, 2017."); 14 at 13 ("[A]ll we really accomplished on October 13, 2017 was to fully realize and discover how I was harmed by MPS's denial of my due process and my equal rights as an elderly-female with bilateral knee replacements."); 14 at 14 ("Taking this all into account, October 13th, 2017 plus 180 days after that date is the claim filing date the EEOC needs rules [sic] is a valid date to begin EEOC legal jurisdiction."); 14 at 14 ("The irreversible impact of all the MPS administrative actions only became known effectively on October 13, 2017.") 14 at 14 ("It is a primary reason that this case needs to begin as an effective date of October 13th, 2017 plus 180 days for filing a complex claim."); (ECF No. 14 at 16) ("Look at all the facts of my situation as summarized below and consider the active date of denial of due process to be October 13th, 2017 plus 180 days as the filing date of this claim against MPS."); *see also* ECF No. 10-1 (EEOC complaint) ("On October 13, 2017, I was informed that the Respondent failed to address my complaint.")

What the plaintiffs must allege is that some alleged discrimination occurred within 300 days of the filing of the complaint with the EEOC. In this, the plaintiffs fail. It is not enough that what occurred on October 13, 2017, was a "continuation of 'ongoing harassment.'" (ECF No. 13 at 4.)

The only suggestion that some type of "ongoing harassment" might have occurred after October 13, 2017, are unsupported, oblique statements. For example, Shannon baldly alleges, "The 'harassments' which are discriminatory acts took place from November 17th, 2016 through to October 13, 2017 and even continue now." (ECF No. 14 at 6.) Similarly, she alleges, "Because this case remains an ongoing issue, even now, of determining if I can return to work, the effective date could and should be now." (ECF No. 14 at 5.) The court understands the plaintiffs to be alleging that MPS's alleged failure to discipline students and protect teachers, which the plaintiffs characterize as "harassments," continue. However, Shannon does not allege that she was subject to any such "harassments" at any point after October 13, 2017. What is crucial is what Shannon experienced, not what any other employee might have experienced after October 13, 2017. She does not possess standing to assert "harassment" claims on behalf of any other employee. In fact, Shannon does not allege that she even worked for MPS at any point after October 13, 2017, such that she could have been subject to an adverse employment action or "harassment" after that date.

Consequently, the court must agree with the EEOC and conclude that Shannon's employment discrimination claims were untimely. She undisputedly recognized her claim no later than October 13, 2017. She then had 300 days in which to file a discrimination claim with the EEOC. She did not file her complaint with the EEOC until October 16, 2018, which is 368 days after the date she admits she recognized the alleged discrimination. Because she filed her EEOC complaint too late, she is barred from pursuing any discrimination claim in this court.

**3.2. Due Process**

At various points in their complaint the plaintiffs refer to "due process." It is unclear if they intend these references as a statement of an independent claim or merely as support for Shannon's discrimination claim. Liberally construing the plaintiffs' complaint, to the extent that Shannon may be alleging that MPS denied her due process by failing to protect her from A.B., that is not a cognizable due process claim.

> "Neither the text nor the history of the Due Process Clause supports [a] claim that the governmental employer's duty to provide its employees with a safe working environment is a substantive component of the Due Process Clause." *Collins v. Harker Heights*, 503 U.S. 115, 126 (1992). The bill of rights protects people from the government but does not oblige the government to furnish protection against private violence. In this sense the Constitution is a charter of negative liberties. *See DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189 (1989).…*DeShaney* holds that public failure to protect someone from private predation is not a "constitutional tort." … "The constitution no more assures a safe job than it does a job with a generous salary." [*Walker v. Rowe*, 791 F.2d 507, 510 (7th Cir. 1986).] *See also Archie v. Racine*, 847 F.2d 1211 (7th Cir. 1988) (en banc); *Bowers v. DeVito*, 686 F.2d 616 (7th Cir. 1982); … *Wallace v. Adkins*, 115 F.3d

427 (7th Cir. 1997) (rejecting a claim by a prison guard stabbed by an inmate who had threatened this guard, in particular).

*Witkowski v. Milwaukee Cty.*, 480 F.3d 511, 512 (7th Cir. 2007) (brackets omitted).

### 3.3. Riordan's Claim

Riordan alleges a claim for "loss of society and companionship of a spouse due to defendants' [sic] actions." (ECF No. 1 at 2.) Specifically, he alleges that he "witnesses Janice Shannon's sufferings each day and has seen the loss of so many loved things that she can no longer do. To relieve her sufferings is to do this case and give her and others hope." (ECF No. 1, ¶ 2.L.(25).)

In response to the motion to dismiss, Riordan makes no effort to explain why his claim should not be dismissed. That is reason enough to dismiss it. Additionally, because it is derivative of Shannon's claim, having concluded that Shannon has no plausible claim, Riordan necessarily has no claim.

### 3.4. Leave to Amend

Finally, the court considers whether it is appropriate to allow the plaintiffs the opportunity to amend their complaint. "Ordinarily, however, a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed." *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015). This is especially true in pro se litigation. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, amendment is unnecessary when amendment would be futile. *Id.*

The court has already allowed the plaintiffs to constructively amend their complaint by the submission of additional documents in response to MPS's motion to dismiss. The "amendment" only further supported the conclusion that their action must be dismissed. There is no ambiguity as to when Shannon alleges her discrimination claim accrued, which might require further amendment to resolve; she is explicit in her allegation that her claim accrued on October 13, 2017. All of the plaintiffs' filings fail to suggest or even hint at a plausible claim for relief. Therefore, the court finds that any further amendment would be futile. Accordingly, the court will grant the defendant's motion to dismiss, and the Clerk shall enter judgment against the plaintiffs and in favor of the defendant.

**IT IS THEREFORE ORDERED** that the plaintiffs' motion to seal (ECF No. 2) is **granted**. The disclosure statement (ECF No. 3) is hereby sealed.

**IT IS FURTHER ORDERED** that the plaintiffs' motion to use a pseudonym (ECF No. 2) is **denied**. The juvenile shall be identified by her initials. *See* Fed. R. Civ. P. 5.2(a)(3).

**IT IS FURTHER ORDERED** that the defendant's motion to dismiss (ECF No. 8) is **granted**. The plaintiffs' complaint and this action are dismissed. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 13th day of June, 2019.

_WILLIAM E. DUFFIN_
WILLIAM E. DUFFIN
U.S. Magistrate Judge